**FILED**

MAR 3 0 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: | Civil No. 14cv2699-WQH-DHB |
| CHARLES L. ABRAHAMS, | Bankruptcy No. 10-00968-CL7 |
| Debtor. | |
| | **ORDER** |
| CHARLES L. ABRAHAMS, | |
| Appellant, | |
| v. | |
| MATHIAS HEINTZ, et al., | |
| Appellees. | |

HAYES, Judge:

    The matters before the Court are the Petition for Writ of Mandamus filed by Appellant Charles Abrahams (ECF No. 7) and the Chapter 7 Trustee's Emergency Motion for Order Striking Appellant's Petition for Writ of Mandamus filed by Leslie T. Gladstone (ECF No. 9).

## I. Background

    On November 13, 2014, Appellant Charles Abrahams commenced this action by filing a notice of appeal from the United States Bankruptcy Court for the Southern District of

1  California, appealing various orders issued on September 8, 2014 by U.S. Bankruptcy Judge
2  Christopher Latham in Bankruptcy Case No. 10-00968-CL7 (the "Bankruptcy Action").
3  (ECF No. 1).   On December 29, 2014, Appellant filed an amended notice of appeal,
4  appealing various orders issued by U.S. Bankruptcy Judges Christopher Latham, Laura
5  Taylor, and Louise Adler in Bankruptcy Case No. 10-00968-CL7 and Adversary Proceeding
6  No. 12-90132-CL. (ECF No. 2). On January 2, 2015, the Court issued a scheduling order,
7  stating that "[t]his Court shall receive a Record of Appeal no later than **February 6, 2015**"
8  and "[n]o later than **March 6, 2015,** Appellant shall serve and file its opening brief and
9  supporting evidence." (ECF No. 3 at 1-2).  The docket reflects that Appellant has not filed
10 a Record of Appeal or an opening brief.

11      On March 18, 2015, Appellant filed the Petition for Writ of Mandamus, accompanied
12 by thirty-seven exhibits. (ECF Nos. 7, 8). The petition for writ of mandamus contends that
13 Adversary Proceeding No. 15-90013-CL, which was originally filed in San Diego County
14 Superior Court, should be remanded to San Diego County Superior Court.  The petition
15 further requests that the Court "dismiss" an order entered by the Bankruptcy Court in that
16 case. (ECF No. 7 at 36).

17      On March 24, 2015, Leslie T. Gladstone filed the Chapter 7 Trustee's Emergency
18 Motion for Order Striking Appellant's Petition for Writ of Mandamus. (ECF No. 9). On
19 March 25, 2015, the Court issued an Order to Show Cause as to why this Bankruptcy
20 Appeal should not be dismissed for failure to prosecute and as to why Appellant's petition
21 for writ of mandamus should not be denied for lack of jurisdiction. (ECF No. 11).  On
22 March 26, 2015, the Court issued an Order, stating that "Appellant Charles Abrahams shall
23 file any response to the Emergency Motion to Strike Petition for Writ of Mandamus ... no
24 later than Monday, March 30, 2015 at 8:00 AM." The Court further vacated the portion of
25 its March 25, 2015 Order to Show Cause that ordered Appellant to show cause as to why
26 his writ of mandamus should not be denied for lack of jurisdiction.  On March 30, 2015,
27 Appellant filed an opposition to the emergency motion to strike. (ECF No. 13).
28

## II. Discussion

Leslie Gladstone asserts that she is the Chapter 7 Trustee in the Bankruptcy Action. Leslie Gladstone contends that the Petition for Writ of Mandamus appeals a different proceeding, which involves different bankruptcy court orders, parties, and property.

Leslie Gladstone asserts that on January 12, 2015, she filed a motion for an order approving sale at 1048 E Avenue, National City, California in the Bankruptcy Case. Leslie Gladstone asserts that Appellant failed to appear at the hearing and instead filed a civil rights complaint in San Diego County Superior Court related to 1048 E Avenue, National City, California. Leslie Gladstone asserts that Appellant also filed a *lis pendens* on the property at 1048 E Avenue, National City, California, which would hold up the sale. Leslie Gladstone asserts that she removed the case to Bankruptcy Court (Adversary Proceeding No. 15-90013-CL), where Judge Latham issued an order expunging the *lis pendens*.

Appellant's Petition for Writ of Mandamus seeks to "dismiss" Judge Latham's order expunging the *lis pendens* and remand Adversary Proceeding No. 15-90013-CL to state court. Appellant contends that the Bankruptcy Court lacks jurisdiction over his civil rights action filed in state court. In opposition to the emergency motion to strike, Appellant again contends that the Bankruptcy Court is acting without jurisdiction. Appellant cites state law—California Code of Civil Procedure section 405.39—for the proposition that a writ of mandate is his only avenue for relief for appealing an expungement order and *Orange County v. Hongkong and Shanghai Banking Corp. Ltd.*, 52 F. 3d 821 (9th Cir. 1995) for the proposition that an expungement order is not immediately appealable.

Appellant's petition for writ of mandamus relates to a different bankruptcy proceeding than the proceeding at issue in this appeal. In addition, Appellant has not shown that he cannot obtain the relief he desires through the "regular appeals process." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380-81 (2004); *see also DeGeorge v. U.S. Dist. Court for Cent. Dist. of Cal.*, 219 F.3d 930, 935 (9th Cir. 2000) ("If writs of mandamus could be obtained merely because an order was not immediately appealable ... mandamus would eviscerate the statutory scheme established by Congress to 'strictly circumscrib[e]

1  piecemeal appeal....") (quoting *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383
2  (1953)). Finally, Appellant has not shown that the Bankruptcy Judge's order expunging the
3  *lis pendens* was clearly erroneous as a matter of law. *See Bauman v. United States Dist. Ct.*,
4  557 F.2d 650, 654-55 (9th Cir. 1977). Appellant's Petition for Writ of Mandamus is denied.
5  Leslie Gladstone's emergency motion to strike is granted to the extent it seeks expedited
6  resolution of the Petition for Writ of Mandamus.

7  **III. Conclusion**

8      IT IS HEREBY ORDERED that the Petition for Writ of Mandamus (ECF No. 7) is
9  DENIED.

10      IT IS FURTHER ORDERED that the Chapter 7 Trustee's Emergency Motion for
11  Order Striking Appellant's Petition for Writ of Mandamus (ECF No. 9) is GRANTED to the
12  extent it seeks expedited resolution of the Petition for Writ of Mandamus.

13
14  DATED: 3/30/2015

15                                              **WILLIAM Q. HAYES**
                                               United States District Judge
16
17
18
19
20
21
22
23
24
25
26
27
28

4                                                        14cv2699-WQH-DHB