# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>CHARLES L. ABRAHAMS,<br><br>        Debtor.<br>_____<br><br>CHARLES L. ABRAHAMS,<br><br>        Appellant,<br><br>v.<br><br>MATHIAS HEINTZ, et al.,<br><br>        Appellees.<br>_____ | Civil No. 14cv2699-WQH-DHB<br><br>Bankruptcy No. 10-00968-CL7<br><br>Adversary Proceeding No. 12-90132-CL<br><br>**ORDER** |

HAYES, Judge:

      The matter before the Court is this Court's March 25, 2015 Order to Show Cause (ECF No. 11).

      On March 25, 2015, the Court issued an Order to Show Cause (ECF No. 11), ordering Appellant Charles L. Abrahams to show cause for failure to prosecute this appeal and failure to comply with this Court's January 2, 2015 Scheduling Order (ECF No. 3). On April 24, 2015, Appellant filed a response to the March 25, 2015 Order to Show Cause. (ECF No. 15). Appellant asserts that documents relevant for this appeal are docketed in another case before

United States District Court Judge Gonzalo Curiel, and that there is currently an appeal pending in this same bankruptcy matter before the Court of Appeals for the Ninth Circuit. Appellant asserts: "This Debtor apologizes for not responding to the Court order scheduling deadlines for filing briefs. Mr. Abrahams was under the impression that the order was premature because the appeal was not perfected until the statements of issues and designations of record were filed in the Bankruptcy Court." (ECF No. 15 at 4). Appellant requests "that this District Court suspend any activity in the Bankruptcy Court and District Court until the Ninth Circuit resolves the issues pending on appeal." *Id.* at 5.

Appellant also submits several exhibits. Exhibit A consists of "Appellant's First Statement of Issues Regarding Deutsche Bank's Motion Request Relief from Automatic Stay," "Appellant's Fourth Statement of Issues, "Appellant's Fifth Statement of Issues," "Appellant's Sixth Statement of Issues," and "Appellant's Seventh Statement of Issues." *See* ECF No. 15-2, Ex. A. Each document identifies approximately twenty to sixty separate issues. Exhibit A also consists of "Appellant's Designation of the Items (From *Abrahams v. Hentz*, Distict Court Case No.: 12-1560)," "Appellant's Designation of the Items (From Bankruptcy Case No.: 10-00968, regarding Deutsche Bank)," and "Appellant's Designation of the Items (From Adversary Proceeding: 15-90013)." *See id.* For District Court Case No. 12-cv-1560 and Bankruptcy Adversarial Proceeding No. 15-90013, Appellant copies the entire docket report. For Bankruptcy Case No. 10-00968, Appellant copies the docket report for docket entries 815 through 950. Exhibit B is "Appellee Chapter 7 Trustee's Opposition to Appellant Charles L. Abrahams' Motion to Amend the Judgment and Vacate the Dismissal," filed in District Court Case No. 12-cv-1560. *Id.* Ex. B. Exhibit C is an Order denying Appellant's motion to amend the judgment issued by Judge Gonazlo Curiel in District Court Case No. 12-cv-1560. *Id.* Ex. C. Exhibit D is a "Notice of Unperfected Appeal" issued by the clerk of the Bankruptcy Court for the Southern District to the Clerk of the District Court for the Southern District, dated August 3, 2012. *Id.* Ex. D.

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order

states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "[D]ismissal under Rule 41(b) 'is so harsh a penalty it should be imposed as a sanction only in extreme circumstances.'" *Lal v. California*, 610 F.3d 518, 525 (9th Cir. 2010) (quoting *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996)). "A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "In addition, the district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Id.* (quoting *Henderson*, 779 F.2d at 1423). Dismissal may be warranted where "at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). A court may dismiss *sua sponte* pursuant to Rule 41(b). *Hells Canyon Pres. Council v. U.S. Forest Service*, 403 F.3d 683, 689 (9th Cir. 2005).

A court may also dismiss an action *sua sponte* for failure to prosecute or failure to comply with a court order pursuant to its inherent powers. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). In deciding whether to dismiss *sua sponte*, courts consider the same factors for dismissal pursuant to Rule 41(b). *See Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). However, "dismissal without prejudice is a more easily justified sanction for failure to prosecute. A relatively brief period of delay is sufficient to justify the district court's sending a litigant to the back of the line." *Id.* at 497 (concluding that the district court did not abuse its discretion where the plaintiff delayed prosecution for a period of four weeks and was notified of impending dismissal).

Finally Federal Rule of Bankruptcy Procedure 8003 provides that "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the

validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal. Fed. R. Bankr. P. 8003(a)(2). Rule 8009 provides that "[t]he appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented ... within 14 days after: (i) the appellant's notice of appeal as of right becomes effective under Rule 8002; or (ii) an order granting leave to appeal is entered." Fed. R. Bankr. P. 8009(a).

In this case, the deadline for filing a Record of Appeal was set approximately three months (February 6, 2015) after Appellant filed this appeal (November 13, 2014). That deadline passed over five months ago.[1] The deadline for filing an opening brief (March 6, 2015) passed over four months ago. Appellant has not complied with the Court's January 2, 2015 Scheduling Order in any manner.

In response to the Order to Show Cause, Appellant states that he does not intend to proceed with this appeal at this time, pending an appeal he has filed before the Court of Appeals for the Ninth Circuit. However, Appellant did not request a stay in this case when the Ninth Circuit appeal was filed, and has not done so to date.

The Court finds that the public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the Appellees and other interested parties in this Bankruptcy matter all weigh heavily in favor of dismissing this appeal without prejudice. *Omstead*, 594 F.3d at 1084. The Court further finds that dismissal *without prejudice* will not prevent any issues asserted in this appeal from being decided on their merits. Finally, the Court finds that dismissal *without prejudice* is less drastic than dismissal *with prejudice* and is appropriate, given that Appellant does not believe this appeal should proceed at this time. *See Ash*, 739 F.2d at 497 (finding that dismissal without

---

[1] It is unclear whether Plaintiff's exhibits are an attempt to comply with this portion of the Court's January 2, 2015 Scheduling Order. Plaintiff's exhibits do not comply with the Court's January 2, 2015 Scheduling Order because they do not include any certified documents transmitted from the Bankruptcy Court.

1 | prejudice is "a more easily justified sanction for failure to prosecute").

2 |     IT IS HEREBY ORDERED that pursuant to the Court's inherent powers and Federal

3 | Rule of Bankruptcy 8003, this appeal is DISMISSED without prejudice.

4 | DATED: July 24, 2015

**WILLIAM Q. HAYES**
United States District Judge